THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN C. HEALEY and Others, Relators, *v.* THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF AUBURN, Respondent.

*Auburn fire department — authority of the board of fire commissioners to dismiss volunteer hose company organizations — "person aggrieved" who may apply for a writ of certiorari.*

Under the charter of the city of Auburn (1879, chap. 53, and the amendatory acts, chap. 199 of 1889, and chap. 226 of 1893, and chap. 172 of 1897), which authorizes its board of fire commissioners; within a fixed limit, to determine the amount to be raised for fire purposes and the manner in which it shall be expended, and to fix "the sum to be allowed annually to each company," the fire commissioners may dispense with the services in the department of volunteer hose company organizations, the members of which have been appointed by the fire commissioners or the common council of the city for no definite period of time, and have been allowed payment out of a sum of $200 allowed (but not under any statutory requirement) by the city to each company, the members being under no obligation to serve for any time and being free to leave the service when they choose.

·"A person aggrieved," within the meaning of section 2127 of the Code of Civil Procedure relating to the issuing of writs of certiorari, does not include a member of such a volunteer hose company.

CERTIORARI issued out of the Supreme Court and attested on the 25th day of June, 1897, directed to the board of fire commissioners of the city of Auburn, commanding it to certify and return to the office of the clerk of the county of Cayuga all and singular its proceedings in regard to dismissing certain hose companies from the Auburn fire department, and dismissing the relators from service in said department.

*E. C. Aiken,* for the relators.

*L. A. Pierce,* for the respondent.

FOLLETT, J.:

This proceeding was begun June 25, 1897, to review by a writ of certiorari the determination of the board of fire commissioners of the city of Auburn, made June 1, 1897, of which the following is a copy:

"WHEREAS, it appears, after due and careful deliberation, that the services of Letchworth Hose Company No. 2, C. N. Ross Hose Company No. 5, and Alert Hose Company No. 6, can be dispensed with, and the money that it takes to maintain said companies can be used to better advantage in other branches of the fire department:

"Now, therefore, *resolved,* that on and after July 1st, 1897, said Letchworth Hose Company No. 2, C. N. Ross Hose Company No. 5, and Alert Hose Company No. 6, shall cease to be a part of the Auburn Fire Department.

"*Resolved,* further, that the foremen of said companies be requested to turn over to the chief engineer of the Auburn Fire Department all property belonging to said department, in his custody or under his control, on or before said 1st day of July, 1897.

"*Resolved,* further, that the clerk of this board serve upon the foremen of Letchworth Hose Company No. 2, C. N. Ross Hose Company No. 5, and Alert Hose Company No. 6, a copy of these resolutions."

A copy of this determination was afterwards served on the foreman of each of said companies, which were volunteer organizations which for some years had formed part of the fire department of the city. The writ was granted on the petition of a member of each of the companies, not in behalf of the companies, nor in behalf of the fire department, but solely for the protection of the alleged private interests of the three relators. The only allegations contained in the petition showing that any interest, private or public, has been affected by this determination are the following :

" That each of said companies are composed of about twenty-five men, part of them appointed by the common council aforesaid, and, since 1879, by the board of fire commissioners, and compose the volunteer department of said city, and that said companies have, from the time of their organization, been a part of the Auburn Fire Department.

" That each of said companies have been allowed and paid by said city the sum of two hundred dollars per annum.

" Your petitioners further show that they are, and each of them is, an active member of said fire department, appointed by the fire commissioners or common council of said city, for no definite period, and receiving pay from the amount allowed as aforesaid, by said city, to each of said companies."

The cases in which a writ of certiorari may be issued, upon whose application, and the procedure upon granting and hearing a writ, are prescribed by article 7 of title 2 of chapter 16 of the Code of Civil Procedure.

" It can be issued in one of the following cases only :

" 1. Where the right to the writ is expressly conferred, or the issue thereof is expressly authorized by a statute.

" 2. Where the writ may be issued at common law, by a court of general jurisdiction, and the right to the writ or the power of the court to issue it, is not expressly taken away by a statute." (Code Civ. Proc. § 2120.)

There is no express statutory authority for issuing a writ to review the determination of the board of fire commissioners, and this writ must be supported, if at all, on the ground that it is authorized by common law.

" An application for the writ must be made by, or in behalf of,

a person aggrieved by the determination to be reviewed." (Code Civ. Proc. § 2127.)

The question arises whether these relators are persons aggrieved by the determination which they seek to review.

By the allegations above quoted it appears that the relators were appointed " for no definite period," and were under no obligation to continue to act as firemen for any time, and might quit the service whenever they chose. It is not asserted that the city or its board of fire commissioners is required by any statute to continue the payment of $200 to each of said companies, but, on the contrary, by section 134 of chapter 53 of the Laws of 1879 (the charter of the city of Auburn, as amended by chap. 199, Laws of 1889), the amount of money to be raised for fire purposes, and how it shall be expended, is a matter wholly in the discretion of the board of fire commissioners, except that the amount to be raised shall not exceed the sum of $16,000 (§ 86, as amended by chap. 172, Laws of 1897), and by section 133 of the charter, as amended by chapter 226 of the Laws of 1893, the board is expressly authorized to " fix * * * the sum to be allowed annually to each company." Under these sections, and the allegations contained in the petition, I am of the opinion that no private right of the relators has been in anywise impaired by the determination of the board, and that the relators are not aggrieved by the determination to be reviewed, and that the writ was improvidently issued upon their petition.

The relators insist that the board of fire commissioners is without power to dispense with the services of a volunteer fire company which shall be found to be unnecessary ; and, in case it be held that the board has such power, that it can be exercised only after charges have been preferred and a hearing had.

The charter provides that three fire commissioners shall be appointed for the city (§ 4, as amended by chap. 172, Laws of 1897), who shall hold office for three years (§ 29, as amended by chap. 172, Laws of 1897), and shall constitute a board of fire commissioners (§ 130), which board shall prescribe the rules and regulations for the government of the chief and assistant engineers of the fire department (§ 46), fix the sum to be allowed annually to each company, and have charge of all the property in the possession of the fire department (§ 133, as amended by chap. 226, Laws of 1893),

and that it shall have power to estimate the cost of maintaining the fire department for each fiscal year (§ 134, as amended by chap. 199, Laws of 1889), not exceeding $16,000 (§ 86, as amended by chap. 172, Laws of 1897).

There are no provisions in the charter authorizing any other board or body to exercise any control over the fire department or the property used by it, and the sole control of the fire department and of the property used by it is vested in this board.

Under the charter the board of fire commissioners has the power to determine the number of fire companies required for the protection of the city, which power implies the right to reduce the number of companies of the department. Express power is given to control the property and appliances of the fire department and fix the amount to be paid annually to each company, and under these provisions the property and appliances of any company may be taken from its possession and all compensation to the company withheld. It seems to me that it cannot be successfully contended that a board, having power to strip a company of all its fire apparatus and withhold from it all compensation, and thereby render the company powerless to perform any service in extinguishing fires, has not the power to disband it or dispense with its services.

The board was not required to prefer charges against the companies and give them a hearing before making the determination. There is no provision in the charter for such a procedure. Section 131 of the charter, as amended by chapter 536 of the Laws of 1895, provides that individual members of the fire department shall not be dismissed for misconduct from the service by the board of fire commissioners until after charges have been preferred and a hearing had. But this section does not prescribe that such, or that any, particular steps shall be taken before the services of a company may be dispensed with.

The writ should be dismissed, with fifty dollars costs against the relators.

All concurred.

Writ dismissed, with fifty dollars costs and disbursements against the relators.