(53 Misc. Rep. 390)

### ULTECHT et al. v. ALLEN et al., Fire Com'rs.

(Supreme Court, Special Term, Westchester County. March 15, 1907.)

MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—REINSTATEMENT OF FIREMEN.

 The action of a city board of fire commissioners in disbanding a fire company summarily on the recommendation of the chief of the fire department, without any hearing or investigation into the facts, was not such a judicial action that it could not be reviewed by the same board or its successors in office.

Action by Albert A. Ultecht and another against William Allen and others, composing the board of fire commissioners of the city of Mt. Vernon. Heard on motion for injunction pendente lite. Denied.

Joseph Wood, for plaintiffs.
David Swits, for defendants.

TOMPKINS, J. This action is brought by taxpayers to restrain the present board of fire commissioners of the city of Mt. Vernon from entertaining a petition by the members of Washington engine company, No. 1. of Mt. Vernon, asking the said board to revoke an order made by former board of fire commissioners of said city in November, 1906, disbanding the said fire company, and to restrain the present board from giving a hearing upon the said petition, and any charges that may have been the basis of the said order disbanding said company, and to restrain said board from reinstating the said Washington engine company No. 1. as a member of the Mt. Vernon fire department. The action is brought and an injunction pendente lite is now asked for upon the theory that the action of the former board of fire commissioners was judicial in its character, and not subject of review by the present board. It appears from the papers before me on this motion that on November 9, 1906, the board of fire commissioners received from the chief of the city fire

department a communication in writing, making certain charges against Washington engine company, and recommending that the company be disbanded. This the board of fire commissioners did, by resolutions adopted at the same meeting, without any notice being given to the company or any officer thereof, and without any hearing, or investigation into the facts, other than such as was possible from the statements contained in the said communication from the chief. In short, the action of the board of fire commissioners was summarily taken, without notice to the company and without an opportunity for a hearing. Such action, the board of fire commissioners undoubtedly had a right to take, under section 213 of the city charter (Laws 1901, p. 86, c. 466), but such action cannot be called judicial in its character so as to prevent a subsequent rescission of the resolution, and this disbandment. If the action of the board was a judicial determination of the right of the company to continue as a member of the fire department, then, without doubt, the present board could not rescind or reverse that determination; but to give judicial character to the act of a board or tribunal, the parties interested in the subject-matter, and to be bound by the act or decision must be before the tribunal in some form, or must have submitted some claim for adjudication, or been cited to answer some charge, here there was nothing but the arbitrary act of the board, with nothing before it but the written communication of the department chief, as I have already said, the board had a right to make such summary action; but there is no law to my knowledge, or has my attention been called to any, to prevent the same board, whether composed of the same members or not, from reviewing the former action, and in a proper case to vacate the resolution of disbandment, and reinstate the company.

The Healy Case, 27 App. Div. 530, 50 N. Y. Supp. 506, cited by plaintiff's counsel is not an authority for the relief asked in this action. In that case, the court held that the board of fire commissioners of the city of Auburn had power to disband a company without charges or a hearing, and that the court had no power by writ of certiorari to review or reverse such action—it is not held or intimated that the board itself could not have rescinded its former action. The personnel of the board of fire commissioners of Mt. Vernon is not important. It is a continuing body, and legislative in its character and functions. It is given the right to organize and create new companies, as well as to disband old ones, and it is a matter of legislative discretion whether the board adds an entirely new company to the department, or gives life to an old one.

Motion for an injunction pendente lite denied, $10 costs to the defendants.